## ATTORNEY GENERAL *vs*. PROVIDENT INSTITUTION FOR SAVINGS IN THE TOWN OF BOSTON.

Suffolk.   December 3, 1908. — January 11, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, & RUGG, JJ.

*Constitutional Law.   Savings Bank.*

St. 1907, c. 340, now incorporated in St. 1908, c. 590, §§ 56, 57, providing that all amounts of money deposited with a savings bank or trust company remaining unclaimed for more than thirty years as therein described shall be paid to the treasurer and receiver general of the Commonwealth, to be held and used by him according to law, subject to be repaid to the person having and establishing a lawful right thereto, with interest at the rate of three per cent per annum, is constitutional, containing nothing in contravention of articles ten and twelve of the Declaration of Rights or of any other part of the Constitution of the Commonwealth and nothing in contravention of the Fourteenth Amendment or of any other part of the Constitution of the United States.

PETITION, filed in the Probate Court for the county of Suffolk on May 5, 1908, by the Attorney General under St. 1907, c. 340, against the Provident Institution for Savings in the Town of Boston, praying for an order and decree that the sums of money named therein, deposited with the respondent and unclaimed for more than thirty years, should be paid to the treasurer and receiver general of the Commonwealth.

In the Probate Court *Grant*, J., made a decree in accordance with the prayer of the petition; and the respondent appealed.

On appeal the case came on to be heard before *Loring*, J., who reserved it for determination by the full court upon the petition, the answer, the decree and the appeal therefrom, and an agreement as to certain facts, such decree to be entered as law and justice might require.

*John Chipman Gray*, (*W. R. Trask & Roland Gray* with him,) for the respondent.

*D. Malone*, Attorney General, *& F. T. Field*, Assistant Attorney General, for the petitioner.

KNOWLTON, C. J. This application to the Probate Court for the county of Suffolk was made by the Attorney General, under the St. 1907, c. 340, which is now found in the St. 1908, c. 590, §§ 56 and 57. This statute is as follows:

" Section One. The probate court shall, upon the application of the attorney general and after public notice, order and decree that all amounts of money heretofore or hereafter deposited with any savings bank or trust company to the credit of depositors who have not made a deposit on said account, or withdrawn any part thereof, or the interest, or on whose pass books the interest has not been added, which shall have remained unclaimed for more than thirty years after the date of such last deposit, withdrawal of any part of principal or interest, or adding of interest on the pass book, and for which no claimant is known, or the depositor of it cannot be found, shall, with the increase and proceeds thereof, be paid to the treasurer and receiver general, to be held and used by him according to law, subject to be repaid to the person having and establishing a lawful right thereto, with interest at the rate of three per cent per annum from the time when it was so paid to said treasurer to the time when it is paid over by him to such person.

" Section Two. Any person claiming a right to money deposited with the treasurer and receiver general under the provisions of the preceding section of this act . . . may establish the same by a petition to the Superior Court, as provided in section one of chapter two hundred and one of the Revised Laws, as amended by section one of chapter three hundred and seventy of the acts of the year 1905."

The question presented by the report is whether the law is constitutional. The objections to it, on the part of the respondent, are that it is in contravention of the Constitution of Massachusetts, and particularly of articles ten and twelve of the Declaration of Rights, that it is in contravention of the Fourteenth Amendment of the Constitution of the United States, in that it deprives persons of their property without due process

of law, and that it is in contravention of the same Constitution in that it impairs the obligation of contracts.

Inasmuch as the depositors referred to in the application have not appeared, and no one represents them or any of them before the court, objections to the constitutionality of the statute, founded only on their interests, are not open to this respondent. *Hingham & Quincy Bridge* v. *Norfolk County,* 6 Allen, 353, 357. *Lampasas* v. *Bell,* 180 U. S. 276, 284. *Hatch* v. *Reardon,* 204 U. S. 152, 160. But inasmuch as most of the objections that they might make are founded upon considerations which are applicable to the claims of this respondent, although perhaps from a different point of view, we shall deal with the questions presented without close scrutiny of the respondent's right to raise them.

The principal argument of the respondent has been in support of six propositions, as follows :

" One. The Legislature cannot substitute another person for the person with whom the depositor made his original contract.

" Two. The Legislature cannot substitute a right to the whole of a small fund for a proportional share of a deposit in a very large one.

" Three. The Legislature cannot turn a *cestui que trust* of the savings bank into a mere creditor of the State.

" Four. The Legislature cannot impair the depositor's right to interest.

" Five. The Legislature cannot deprive the respondent of the right to retain the deposits until called for by the owners.

" Six. The Legislature cannot deprive a bank of its right to do business in accordance with the terms of its charter."

The argument in support of these propositions seems to assume that the contract between the respondent and each depositor was made to continue for all time, even if the depositor should die, leaving no heirs, so that his property would escheat to the Commonwealth under the R. L. c. 140, § 3, or should absent himself for many years from the Commonwealth, leaving no one to represent him or care for his estate, and should abandon his property altogether. On the contrary the charter granted to the Institution for Savings and the contract between the institution and its depositors must be assumed to

have been subject to the sovereign power of the Commonwealth, through proper proceedings, to take possession of property that escheats to the Commonwealth and hold it as its own, and also to take into its care and custody property abandoned by its owner, when he is an absentee from the Commonwealth, leaving no one to represent him for many years, and cannot be found. The right of the Commonwealth, in its sovereign power, so to take property into its control under such circumstances, is well established. *Nelson* v. *Blinn*, 197 Mass. 279. *Cunnius* v. *Reading School District*, 198 U. S. 458; *S. C.* 206 Penn. St. 469. *Deaderick* v. *County Court*, 1 Cold. (Tenn.) 202. The contract between the corporation and each depositor, by an implied condition, was to be subject to termination by the Commonwealth whenever conditions should arise that would justify the State in exercising this power to take the property into its care for the benefit of the persons entitled to it, and when the Commonwealth, in view of these conditions, should assert this power. There is nothing in the respondent's charter that limits the right of the Commonwealth in these particulars. By the act of the Legislature the corporation was authorized to receive deposits of money, and to use and improve them to the best advantage for the persons making the deposits. St. 1816, c. 92. The ownership of property by the depositors, and the right of the Commonwealth to deal with property within its jurisdiction, are not affected by the statute.

The property is within the Commonwealth and subject to its jurisdiction. The obligation of a savings bank, chartered in Massachusetts, to one of its depositors, is property subject to the jurisdiction of the State, as much as any tangible chattel. *Blackstone* v. *Miller*, 188 U. S. 189. *Cunnius* v. *Reading School District*, 198 U. S. 458; *S. C.* 206 Penn. St. 469. If the court, under the R. L. c. 144, as amended by the St. 1904, c. 206, had appointed a receiver of the property of any one of these depositors as an absentee from the Commonwealth, there is no doubt that he would have been entitled to collect the money from the respondent and hold it, under the doctrine stated in *Nelson* v. *Blinn, ubi supra*. Most of the questions raised by the above quoted propositions could be raised as well, in objecting to the constitutionality of the proceedings, if the suit were brought

against the savings bank by a receiver appointed under that statute. Such a suit would be founded on the Commonwealth's right to take possession of the abandoned property of an absentee. All the conditions necessary to the exercise of this right must exist before action can be taken under the statute now before us. Thirty years must elapse after the last act of the depositor in relation to his deposit ; and the deposit must be one for which no claimant is known, or of which the depositor cannot be found. These facts show, at least *prima facie*, that there is no owner in charge or care of the property, and seemingly that it has been abandoned. The last known owner is an absentee, within the meaning of the word as used in the decisions above referred to. The length of time that the property has been left, without any action by him in regard to it, furnishes a strong presumption that, willingly or unwillingly, or ignorantly, he has permanently abandoned it. Such facts give the State jurisdiction to take it in charge.

There is nothing unconstitutional in the disposition made of it under the statute. It is to be held and used by the treasurer and receiver general according to law, but all the time in recognition of the rights of the owner, and of the necessity of repaying it to him, with interest, when he establishes his lawful right thereto. The Commonwealth, under the statute, becomes a kind of trustee for the owner. The security of the owner is ample.

No question has been raised by the respondent in regard to the course of procedure under the statute. The courts can be trusted to apply the statute properly, under the rules of law. Under our statute, Probate Courts are to make rules requiring notice of proceedings before the courts to be given to parties interested. R. L. c. 162, § 30. This means proper notice, which, as against a respondent savings bank, would be nothing less than a personal notice. Besides the general requirements of the Revised Laws, this act specially prescribes public notice. This is sufficient. *Kentucky Railroad Tax Cases*, 115 U. S. 321, 334. *Beakes* v. *Da Cunha*, 126 N. Y. 293. The statute implies that the whole course of procedure will be legal and proper.

Inasmuch as the State has the substantive right to take the property into its charge and terminate the relations between the

savings bank and the depositor under the conditions described in the statute, and to hold the property as a trustee for the true owner until he comes and establishes his right, the statute is constitutional.

*Decree of Probate Court affirmed.**

---

* The case was taken to the Supreme Court of the United States by writ of error.