ALFRED A. ADAMS & another *vs.* EDWARD E. ADAMS, trustee, & others.

Middlesex.    December 5, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Probate Court,* Appeal.  *Absentee.*    *Constitutional Law.*

Upon a petition under St. 1905, c. 326, for the appointment of trustees and the distribution among them of property held by a trustee under a will for an absent beneficiary who has been unheard of for more than fourteen years, a guardian *ad litem* appointed in the proceedings to represent such absentee and others and the trustee holding the fund have interests which entitle them to appeal from a decree of the Probate Court ordering such distribution and thus to bring in question the constitutionality of the statute.

St. 1905, c. 326, providing that, where a trustee appointed under a will by a Probate Court of this Commonwealth holds property for the benefit of an absent beneficiary who has been unheard of for more than fourteen years, such court, upon a petition under the statute and after the proceedings there prescribed, may order the distribution of the property to the persons as trustees who would be entitled to such trust estate if such absentee had died intestate within this Commonwealth on the day fourteen years after the date of his disappearance, and that each of such new trustees shall give a bond, on which no action can be brought by such absentee or any person claiming under him after the expiration of six years, is not in conflict with the Fourteenth Amendment of the Constitution of the United States or with any provision of the Constitution of this Commonwealth.  Nor is there anything invalid in the provision of § 10 of the statute that it shall apply to existing trusts.

APPEAL from a decree of the Probate Court for the County of Middlesex on a petition under St. 1905, c. 326, asking for the appointment of trustees and the distribution among them of a trust estate held by the respondent Edward E. Adams, as trustee under the will of George S. Adams, late of Belmont, for the benefit of George Franklin Adams and others.

The appeal was heard upon an agreed statement of facts by *Hammond, J.,* who made a final decree "that the decree of the Probate Court appealed from and dated February 13, 1911, declaring that George Franklin Adams is an absentee within the meaning of chapter 326 of the Acts of the year 1905 and ordering that the funds in the hands of Edward E. Adams, trustee

under the will of George S. Adams, deceased, be transferred in equal shares to Alfred A. Adams, Emily P. Robbins and Edward E. Adams, is hereby affirmed and the case remitted to the Probate Court for further consideration."

The respondent Edward E. Adams, trustee, appealed. The guardian *ad litem* for George Franklin Adams and others, also appealed.

*W. N. Buffum,* (*F. M. Copeland* with him,) for the respondent, Edward E. Adams, trustee.

*H. L. Boutwell,* (*E. P. Miller* with him,) for the petitioners.

RUGG, C. J.   This is a petition for the appointment of trustees and the distribution among them a trust estate in accordance with the provisions of St. 1905, c. 326.  The salient features of that act are that after fourteen years from the date of disappearance, absconding or absence from the State of a beneficiary of a trust created by will, wherein a trustee has been appointed by a Probate Court of this Commonwealth, any person who would be interested in such trust, if the absentee was dead, may petition the Probate Court for a transfer of the trust fund and its accumulations "to the persons as trustees who would be entitled to such trust estate if such absentee had died within this Commonwealth on the day fourteen years after the date of his disappearance, and in the proportions to which each would be entitled."

Elaborate and minute provisions are made for a full description of the estate and of all persons alleged to have an interest in it and for full service of the notice thereupon, (which shall contain the substance of the petition,) personally upon all parties resident in the Commonwealth, and by publication in one or more newspapers within the Commonwealth within thirty days after the order, and in the place of the last known residence or abiding place of the absentee if within the United States, within sixty days after the order, the return day of which shall be not less than six months after the order.  All the world are made parties and shall be concluded by the decree.  A guardian *ad litem* is to be appointed for the absentee and for all others under disability or absent or unascertained or not in being who may have an interest in the fund.  Each of the new trustees is required to give a bond, with or without sureties, as the court may direct, conditioned to repay to the absentee if alive, or the persons claiming under

him, the fund received by such trustee less his disbursements and compensation, but all actions in any form in behalf of the absentee to recover the fund are barred after six years from filing the bond. The original trustee is barred of all further liability upon payment to the new trustees thus appointed. In substance, the statute provides that, where a trust created by will is held by a trustee appointed by our courts, and the beneficiary has been absent and unheard of for fourteen years, the fund may be distributed among his heirs at law as if he had deceased at the end of the fourteen years from disappearance, upon their giving bond therefor.

The absentee did not appear in the case at bar. The guardian *ad litem* appealed from the decree of the Probate Court, but the only argument has been presented by the original trustee. The interests of these persons appear to permit them to raise objections to the decree. *Southern Railway* v. *King*, 217 U. S. 524, 534.

The constitutionality of the statute is attacked on the ground that it deprives the absentee of his property without due process of law in contravention of the Fourteenth Amendment to the Federal Constitution and does not afford him the protection in his property which is guaranteed by our own Constitution. Treating both these contentions in their broader aspects, they are concluded in favor of the petitioner by *Nelson* v. *Blinn*, 197 Mass. 279; *Blinn* v. *Nelson*, 222 U. S. 1; *Attorney General* v. *Provident Institution for Savings*, 201 Mass. 23; *Provident Institution for Savings* v. *Malone*, 221 U. S. 660; *Cunnius* v. *Reading School District*, 198 U. S. 458; *S. C.* 206 Penn. St. 469.

The essence of these decisions is that property abandoned by its owner may be taken into custody of law and distribution of it declared among those who would be the heirs of the absentee if he were deceased, all under reasonable limitations as to length of absence, precedent notice and safeguards for the security of the property.

These cases have decided that fourteen years of absence and inattention to property is a sufficient time to warrant a finding of abandonment. That the property made the subject of this statute is not a physical derelict, but in the hands of a trustee is of no consequence. Such property may be none the less abandoned by the beneficial owner. It can stand on no better footing in this regard than deposits in savings banks, which were under

discussion in *Attorney General* v. *Provident Institution for Savings,* 201 Mass. 23. In this regard, statutes like the one here in question are statutes of limitations, and do not offend against constitutional guarantees. The limitation against the heirs at law, as new trustees, is six years so that the absentee is not finally barred of the right to claim his property until the expiration of twenty years. See *Mulvey* v. *Boston,* 197 Mass. 178.

It cannot be urged successfully in the light of these adjudications that the present statute is an attempt to extinguish arbitrarily the property rights of the absentee. The requirement as to notice in § 3 of the act is ample in view of similar provisions under consideration in the cases cited.

The security provided for the integrity of the fund is a bond with or without sureties, as the court may require, from each of the heirs at law as new trustee, with liability on the part of the new trustee only for gross negligence in the management of the fund. Although this is a lower degree of skill than is ordinarily exacted of trustees, there is no constitutional inhibition against its establishment by the Legislature in a class of cases like the present. There is an unqualified responsibility on the part of the trustee for the period of six years secured by the bond. The degree of security for the fund after the period of abandonment has expired is for the determination of the Legislature, within reasonable limits, which cannot be said to be transgressed in the present instance.

While the present act in some respects is unlike those under consideration in previous cases, these appear to be immaterial differences. The absentee is not barred of his action against the new trustees until the expiration of six years from their appointment, a far longer time than is commonly provided. The appointment of those who would be the heirs at law of the absentee as trustees and the division of the property among them, as in distributive shares, is not deprivation of property without due process of law, nor a failure to protect property in accordance with standing laws. The establishment of reasonable rules for administration of trusts under wills cannot be treated as beyond the power of the Legislature. In cases arising under this statute, the property is already in the hands of a trustee appointed by the court. Being in the possession of a responsible officer of the court, the machinery of a receiver, as provided in R. L. c. 144, is unnecessary.

The act in § 10 is made applicable expressly to existing trustees. This is not invalid. The period of absence required before there can be abandonment is fourteen years. The principle is that property withdrawn from the ordinary channels of use by an owner who cannot be found, should be distributed as an intestate estate. This principle having been determined by the Legislature to be salutary, there is no countervailing reason why it should not apply to property already abandoned or in process of abandonment as well as to that which may be abandoned in the future. This retroactive feature involves no unconstitutional exercise of legislative power. *Wilson* v. *Iseminger,* 185 U. S. 55. *Soper* v. *Lawrence Brothers Co.* 201 U. S. 359, 368. *Blinn* v. *Nelson,* 222 U. S. 1.

The distinction between *ex post facto* and retroactive laws is thoroughly established. The latter are not forbidden by either the State or Federal Constitutions. While statutes ordinarily are given only a prospective operation, yet where by express terms they are made to apply to existing conditions, that of itself does not render them void if not open to objection in other respects. *Wallace* v. *Adams,* 204 U. S. 415, 422. *League* v. *Texas,* 184 U. S. 156, 161. *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140, 152. *In re Mayor & Aldermen of Northampton,* 158 Mass. 299. *Danforth* v. *Groton Water Co.* 178 Mass. 472. *Rogers* v. *Nichols,* 186 Mass. 440. *Converse* v. *Ayer,* 197 Mass. 443, 454.

*Decree of Probate Court affirmed.*