# Commonwealth *v.* Dollar Savings Bank, Appellant.

*Constitutional law—Constitution of United States, Fourteenth Amendment—Constitution of Pennsylvania, Article I, Section 10; Article III, Sections 16 and 21—Property rights—Payment of money by State without appropriation — Limitation of action against corporation—Banks and banking — Deposits — Failure to demand money within thirty years—Payment to State—Depositor's right against State—Contract subject to statute—Act of April 17, 1872, P. L. 62—Validity—Act of May 11, 1909, P. L. 519—Affidavits of defense—Insufficient averments.*

1. Every sovereign state has jurisdiction to take charge of apparently abandoned or unclaimed property.

2. The Act of April 17, 1872, P. L. 62, providing that "where any depositor with any savings fund, savings institution or savings bank whatsoever, or his legal representatives, shall omit to make any demand for the amount deposited by him, or for any part thereof, for the space of thirty years after the last deposit or payment was made by or to him"......such funds shall be paid by the bank to the State and thereafter the depositor may recover same from the State, does not violate the Fourteenth Amendment of the Constitution of the United States, or the 10th Section of Article I of the Constitution of Pennsylvania in that it deprives a person of property without due process of law, the rights of the depositor being amply protected by giving him a cause of action against the Commonwealth, which, because of its power of taxation, is always solvent and the best of security.

3. A court will never heed objections to the constitutionality of an act of assembly unless the complainants are affected by the particular feature alleged to be in conflict with the Constitution.

4. In an action by the Commonwealth against a banking institution to recover deposits in its hands after thirty years have elapsed from the last addition to or payment therefrom it will be presumed, in the absence of an averment to the contrary in the affidavits of defense, that all the deposits in controversy were made subsequent to the passage of the Act of 1872, and that the respective depositors acted with full knowledge of the provisions of said act, and in view of such presumption there is no merit in the contention that the act is defective in failing to provide, as in the case of an escheat, for notice by publication or otherwise to the owner.

5. In such case the contract of a depositor must be treated as subject to the terms of the Act of 1872, and the proceeding is therefore not an impairment of the obligations of the contract.

6. The question whether the failure of the Act of 1872 to permit a depositor to claim interest from the State renders the act invalid, can be raised only by the depositor and not by the bank in an action against it by the Commonwealth.

7. The Act of 1872 is not contrary to Article III, Section 16 of the Constitution of Pennsylvania in that it attempts to authorize the payment of money by the State treasurer without special appropriation. Such provision of the Constitution simply means that the public funds are not to be expended in any way except as directed by the law-making power, and does not intend to prevent the legislature from providing a special fund to be paid out in a designated manner, or to prevent the law-making power from pledging unappropriated funds for the return of moneys taken into the custody of the State under such act, concerning which the Commonwealth asserts no right or title paramount to that of the original owner.

7. The Act of May 11, 1909, P. L. 519, does not impliedly repeal the provisions for repayment contained in the Act of 1872.

8. The Act of 1872 applies to all banking institutions, whether incorporated or otherwise, and is not a statute of limitations but rather an enactment for the protection of a savings bank against liability after it has paid over a deposit to the State treasurer, and such act is not therefore violative of Article III, Section 21 of the Constitution of Pennsylvania in that it prescribes a limitation of time within which an action may be brought against a corporation different from the general laws regulating actions against natural persons.

Argued May 21, 1917. Appeal, No. 3, May T., 1917, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1914, No. 296, for plaintiff for want of a sufficient affidavit of defense in case of Commonwealth of Pennsylvania v. The Dollar Savings Bank. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit against savings bank to recover unclaimed deposits under Act of April 17, 1872, P. L. 62.

From the record it appeared that the Act of April 17, 1872, P. L. 62, construed in the following opinion of the

Supreme Court, is entitled, "An act, relating to unclaimed deposits in savings banks, and transfer of stock." Section 1 refers to management and is not material to this case. Section 2 reads as follows: "That where any depositor with any savings fund, savings institution or savings bank whatsoever, or his legal representatives, shall omit to make any demand for the amount deposited by him, or for any part thereof, for the space of thirty years after the last deposit or payment was made by or to him, or his said representatives, no action or suit shall thereafter be brought or maintained by him or them, for the amount of such deposit, against such corporation, but the same shall be paid over instead to the State treasurer for the use of the State: Provided, That no one now having any such right of action shall be so barred, until the expiration of one year from the passage of this act: And Provided, That it shall be lawful for such depositor or his legal representatives, at any time after the amount of his deposit shall have been paid over into the treasury of the Commonwealth as aforesaid, to institute and prosecute an action of debt therefor, against the State treasurer for the time being, in the Court of Common Pleas for Dauphin County; and on the recovery of judgment in such action, it shall be lawful for the court to issue thereon a writ, commanding such State treasurer, or his successor in office, to cause the amount thereof, with costs, but without interest, to be paid to the party entitled in the judgment, out of any unappropriated moneys in the hands of the State treasurer, or if there be no such moneys unappropriated, then out of the first moneys that shall be received by him, and to enforce obedience to such writ by attachment, as is provided by law, in respect to actions against counties and townships." Section 3: "It shall be the duty of the treasurer or cashier of every incorporated savings fund institution or bank in this Commonwealth, on or before the first day of November, in each year after the present, to make returns to the auditor general, of the

amount of all such unclaimed deposits as referred to in the previous section of this act, with the names and residences of the depositors, so far as known, and before the first day of January, then next ensuing, pay over the amounts so returned to the State treasurer, whose receipt therefor shall be a full and sufficient discharge to such saving fund institution or bank, from any further liability to any such depositor." Section 4 provides for the issuing of certificates of stock by savings banks having a capital stock, and is not material to this case.

The lower court entered judgment against the defendant for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*George C. Burgwin,* of *H. & G. C. Burgwin,* with him *James A. Stranahan,* for appellant.—The Act of April 17, 1872, P. L. 62, violates Article III, Section 21 of the Constitution of Pennsylvania and is void: Bank of U. S. v. Biddle & Andrews, 2 Parsons Eq. Cases 31; Second Nat. Bank of Titusville v. Thompson, 44 Pa. Superior Ct. 200; Girard Bank v. Bank of Penn Township, 39 Pa. 92; Baker et ux. v. Kelley, 11 Minn. 480; Keyser v. Lowell, 117 Fed. Repr. 400; Kulp v. Brant, 162 Pa. 222; Sproul v. Standard Plate Glass Co., 201 Pa. 103; In re Grape Street, 103 Pa. 121; Cole v. Economy Township, 13 Pa. C. C. 549.

The Act of 1872 is violative of Article III, Section 16 of the Constitution of Pennsylvania, in that it authorizes the payment of money out of the State treasury but makes no appropriation to meet such expenditure: Commonwealth ex rel. Bell v. Powell, 249 Pa. 144.

The Act of 1872 violates the Fourteenth Amendment of the Constitution of the United States and the 10th Section of Article I of the Constitution of Pennsylvania in that it deprives a person of property without due process of law: Provident Institution for Savings in Town of

Boston v. Malone, 221 U. S. 660; City of Philadelphia v. Miller, 49 Pa. 440; Cunnius v. Reading School Dist., 198 U. S. 458.

Notice, actual or constructive, is the absolute essential in statutes of this character: Craig v. Kline, 15 Pa. 399; Alton's Est., 220 Pa. 258.

The defendant bank has the right to raise the question of the constitutionality of the act: Provident Institution for Savings in Town of Boston v. Malone, 221 U. S. 660.

*John R. Geyer,* of *Fox & Geyer,* with him *W. I. Swoope* and *J. B. Eichenauer,* for appellee.—The Act of 1872 does not operate to deprive a person of property without due process of law or take private property for public use without compensation: Provident Institution for Savings in Town of Boston v. Malone, 221 U. S. 660; Pittsburgh v. Scott, 1 Pa. 309; Delaware County's App., 119 Pa. 159; Blackstone v. Miller, 188 U. S. 189.

The State has jurisdiction to take charge of and care for abandoned or unclaimed property: Cunnius v. Reading School District, 198 U. S. 458.

The Act of 1872 is not a statute of limitations and applies to unincorporated banking institutions as well as those incorporated, and consequently does not violate the constitutional prohibition against prescribing a limitation of time for bringing actions against corporations different from the general laws regulating actions against natural persons: Opinion of the Attorney General in Bull's Est., 11 Pa. C. C. 441; In re Sixpenny Saving Society, 28 Pa. C. C. 627.

The Act of 1872 does not violate the constitutional prohibition against payment by the State treasurer unless on specific appropriation, the Constitution merely meaning that public funds are not to be expended in any way except as directed by the law-making power: Commonwealth ex rel. Bell v. Powell, 249 Pa. 144; Commonwealth ex rel. Atty. General v. Griest, 196 Pa. 396.

Defendant bank has no standing to raise the question

of the constitutionality of the Act of 1872, the depositors being the real parties in interest: Plymouth Coal Co. v. Com. of Penna., 232 U. S. 531; Reed v. Home Savings Bank, 130 Mass. 443; Essex Public Road Board v. Shinkle, 140 U. S. 334; Lampasas v. Bell, 180 U. S. 276; Bradley v. Richmond, 227 U. S. 477.

OPINION BY MR. JUSTICE MOSCHZISKER, June 30, 1917:

The Commonwealth of Pennsylvania sued the Dollar Savings Bank, of Pittsburgh, to recover the sum of $9,069.29, with interest from December 1, 1913, which it alleged was the aggregate of moneys placed in that institution by twenty-four depositors "who had omitted to make any demand for the amount deposited by them, or for any part thereof, for the space of thirty years after the last deposit was made." Plaintiff averred that, under the Act of April 17, 1872, P. L. 62, it was the duty of the defendant to pay these deposits to the treasurer of the Commonwealth. Judgment was entered for want of a sufficient affidavit of defense, and the savings bank appealed.

In addition to certain purely legal defenses, the affidavits of defense allege that twelve of the twenty-four depositors named in plaintiff's statement, subsequent to the expiration of the before-mentioned period of thirty years, had either added to, subtracted from, or withdrawn the entire amount of their respective accounts, totaling $6,312.13. The Commonwealth filed an amended statement striking out all deposits as to which the bank had entered a defense on the merits, and reducing the amount claimed to $2,757.16.

The legal defenses are as follows: (1) The Act of 1872, supra, relied upon by plaintiff, "violates the Fourteenth Amendment of the Constitution of the United States and the 10th Section of Article I of the Constitution of Pennsylvania, in that it deprives a person of property without due process of law"; (2) The act "is contrary to Article III, Section 16, of the Constitution

of Pennsylvania, in that it attempts to authorize the payment of money by the State treasurer without special appropriation"; (3) The act "violates Article III, Section 21, of the Constitution of Pennsylvania, in that it prescribes a limitation of time within which an action may be brought against a corporation different from the general laws regulating actions against natural persons."

In disposing of the first of the above propositions, we must keep in mind that the statute here in question is not an escheat act. In other words, it does not provide for seizing property presumed to be without an owner, but rather for the taking into possession by the sovereign Commonwealth, for the protection of both State and owner, of a certain class of property which is subject to escheat. The act requires that, in all cases where, for a period of thirty years, any person has failed to exercise rights of ownership over a savings fund deposit, the amount thereof shall be handed to the State treasurer, whose receipt it declares a sufficient protection to the prior custodian. The rights of the owner are amply protected by giving him a cause of action against the Commonwealth, with full provision for legal proceedings and final process, under which either he or his legal representatives may recover the amount of the deposit upon proof of identity. This is neither depriving the depositor of his property nor taking it for public use within the meaning of either the federal or state constitutions.

The portion of the Fourteenth Amendment to the Constitution of the United States depended upon by defendant is as follows: "Nor shall any state deprive any person of life, liberty, or property without due process of law"; and the relevant part of the Constitution of Pennsylvania reads thus: "Nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured." While, by operation of the Act of 1872, supra, right of action against the depositary is taken away, yet this is no substantial deprivation to the owner of the de-

posit, for instead of that right, as soon as his money is turned over to the State treasurer, he is afforded an action against the Commonwealth and provided with a court in which, without limitation of time, he may prove his claim. True, the act says that the deposit shall be paid "to the State treasurer for the use of the State," but it also specially provides that, when claimed by the depositor or his legal representatives, the amount proved shall be paid over to the party entitled thereto "out of any unappropriated moneys in the hands of the State treasurer, or if there be no such moneys unappropriated, then out of the first moneys that shall be received by him"; which, in effect, is a dedication, so far as may be necessary, of all unappropriated moneys in the State treasury to the purpose of satisfying duly proved claims under this act. Since the State, with its power of taxation, is always solvent, it would be impossible to give better security.

The act before us does not, in so many words, say that a savings fund deposit which for thirty years has been entirely neglected by its owner shall be presumed to have been abandoned, but it is plain that such is the theory upon which the legislation rests; and it is well established that every sovereign state has jurisdiction to take charge of apparently abandoned or unclaimed property: Cunnius v. Reading School District, 206 Pa. 469; s. c., 198 U. S. 458; Attorney General v. Provident Institution for Savings in Town of Boston, 201 Mass. 23; s. c., 221 U. S. 660. When, as here, such property is taken in charge by the State, and the owner or his legal representatives are given an unlimited right to reclaim, with a pledge of all unappropriated moneys in the public treasury, so far as may be necessary, to repay the amount thereof when duly proved, this is simply an exercise of authority over property actually within the jurisdiction of the State, and liable to escheat, for the due protection of all parties in interest, including the owner; and is in no sense a taking or seizing for public use within the

meaning of the constitutional provisions relied upon in this case.

Generally speaking, when property is taken under an out-and-out escheat act or when the State provides a method of transferring to others property of a citizen who has been unheard of for a given period of time, some form of notice to the owner, by publication or otherwise, is required to make the proceedings in question "due process of law"; defendant contends that this rule applies in the present instance, and, since the legislation under attack does not provide for any such notice to depositors affected through its operations, defendant insists that in this respect the Act of 1872, supra, is fatally defective. Conceding, for the sake of argument, defendant has a right to raise this constitutional point, yet, in so contending, it speaks only on behalf of the depositors whose money is being transferred to the State treasury, since the bank itself received due and formal notice of the present proceedings. When the case is viewed from the standpoint of these depositors, then the rule applies that "a court will never heed objections to the constitutionality of an act of assembly unless the complainants are affected by the particular feature alleged to be in conflict with the Constitution"; furthermore, it is always essential for a complainant to show that he occupies such a position: Mesta Machine Co. v. Dunbar Furnace Co., 250 Pa. 472, 476. On the pleadings at bar, there being no averment to the contrary in the affidavits of defense, we must assume all the deposits in controversy to have been made subsequent to 1872; and, hence, that the respective depositors acted with full knowledge of the provisions of the statutes passed in that year. This being so, since the proceedings on the part of the State to obtain possession of these deposits were not instituted for the purpose of declaring an escheat or of passing the property in question over to another, in short, were not in antagonism to the owners, but for their benefit, there exists no absolute necessity for any form of notice to

such owners, as the latter are presumed to know that, after expiration of the thirty-year period, the Commonwealth, at any time, may take·over the custody of their deposits in the manner provided by the act dealing with the subject in hand.

Before leaving this branch of the case, albeit defendant does not raise the point, it may be well to suggest that, since the deposits in controversy were all made subsequent to the Act of 1872, supra, in each instance the contract of the depositary must be treated as subject to the terms of the statute here in question; therefore, the present proceedings can in no sense be said to constitute an impairment of the obligation of these contracts. Finally, the fact that, under the Act of 1872, supra, a depositor may not claim interest from the State, does not present a subject which calls for consideration at this time; "this is a matter with which......[the defendant]......is not concerned, and can arise only between the State and the claimant when he asserts [his] ......right [of]......property": Provident Savings Institution's Case, 221 U. S. 660, 665.

Defendant's second proposition rests upon the provision of the Constitution of Pennsylvania to the effect that "no money shall be paid out of the treasury, except upon appropriations made by law, and on warrant drawn by the proper officer in pursuance thereof." We recently had occasion to construe this section in Comm. ex rel. Bell v. Powell, 249 Pa. 144, 156, and there said, it "simply means that the public funds are not to be expended in any way except as directed by the law-making power." It was not the intention thereby to prevent the legislature from providing a special fund to be paid out in a designated manner, or to prevent the law-making power from pledging unappropriated funds for the return of moneys taken into the custody of the State under an act such as the one at bar, and concerning which money the State asserts no right or title paramount to that of the original owner. As to the Act of May 11,

1909, P. L. 519, it is sufficient to say, we are not convinced that it impliedly repeals the provisions for repayment contained in the Act of 1872, supra; the later act was not intended to apply to circumstances such as there covered by the earlier one.

The third proposition relied upon by the defendant involves a consideration of that portion of the Constitution of Pennsylvania which provides that "no act shall prescribe any limitations of time within which suits may be brought against corporations......different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided." In entering upon this branch of the case, it may be well to notice that the title of the statute here before us gives no suggestion that the act is intended to apply solely to incorporated institutions; it is entitled, "An act, relating to unclaimed deposits in savings banks ......," and, while other sections make reference to incorporated banks and savings funds, or "savings banks having a capital stock," yet Section 2, which controls the present case, is written in language broad enough to comprehend all such institutions, whether incorporated or otherwise. It reads as follows: "Where any depositor with any savings fund, savings institution or savings bank whatsoever......shall omit to make any demand," etc. True, later on, this section contains the provision that, after thirty years, no suit may be instituted or maintained "for the amount of such deposit, against such corporation"; but it is argued by plaintiff that the word "corporation" is here used in "a generic sense......to cover unincorporated as well as incorporated" savings institutions. It is not necessary to decide this point, however, for we are convinced the court below expressed a proper view of the matter in the following excerpt from its opinion: "We do not look upon this provision of the statute [Act of 1872, supra] as a statute of limitations strictly so called, such as was intended to be avoided by Section 21 of Article III of the

Constitution, but rather as an enactment for the protection of the savings banks against liability after it has paid over the deposit to the State treasurer. The statute takes away the remedy of the depositor against the bank, and substitutes for it the remedy against the State treasurer and the Commonwealth which has received the deposit. But, be that as it may, the other provision in the statute amply protects the savings bank. In the second section, it is provided that the State treasurer's receipt shall be a full and sufficient discharge of the savings bank from any further liability to the depositor. Both provisions......were intended to protect the savings bank; so even if the first......be avoided......it still has full protection in the effect which the statute directs shall be given to the receipt of the State treasurer." In other words, even if it be conceded that, after the lapse of thirty years, the depositor or his legal representatives might still have a right to sue the bank, yet, since the State has full jurisdiction to take over the custody of apparently abandoned property, the receipt of its treasurer, when produced by the defendant bank, would be a sufficient answer to such an action; hence, the bank cannot be in any wise prejudiced by the alleged unconstitutionality of the limitation. Then again, it is to be noticed that, even after thirty years, the Act of 1872, supra, does not deprive a depositor of either his remedy or right of action, but simply transfers the liability to him from the original depositary to the Commonwealth of Pennsylvania.

The assignments of error are overruled, and the judgment is affirmed.