## Rosenfeld's Appeal.

184

Argued November 30, 1939. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*A. Jere Creskoff*, with him *Maxwell S. Rosenfeld, P. P.*, for appellant.

*Claude L. Roth*, for interested party under Rule 61.

Opinion by Mr. Justice Schaffer, January 2, 1940:

The question to be determined is whether certain unclaimed moneys in the hands of former Sheriff Robert E. Lamberton are escheatable to the Commonwealth.

The Secretary of Revenue appointed Maxwell S. Rosenfeld escheator of certain moneys in the hands of the former sheriff which were unclaimed by the lawful owners. He presented his petition to the Court of Common Pleas, requesting the court to determine whether they had escheated. This petition was dismissed and an

amended one was filed. It set forth that the moneys sought to be escheated had been deposited with Lamberton as sheriff of Philadelphia County by litigants and others in connection with the service of writs and processes and other duties and functions of his office, "which sums of money exceeded the actual proper fees and charges pertaining to the office of Sheriff leaving balances which were retained by the said Robert E. Lamberton." It was further alleged that the "aforesaid funds now in the possession of the said Robert E. Lamberton have been unclaimed since his term of office as Sheriff of Philadelphia County, expired in 1924, and still remain unclaimed. The aforesaid funds have remained in the possession of the said Robert E. Lamberton and have remained unclaimed for a period of more than seven successive years."

The amended petition was also dismissed on the ground that the Act of April 8, 1937, P. L. 284, 16 PS Sec. 3694, (declared by us to be unconstitutional in *Com. v. Cunningham,* handed down herewith) controlled the disposition of the funds and superseded earlier statutes relating to the escheat of unclaimed property. From this determination the escheator appeals.

The escheator was appointed in pursuance of and adopted the procedure outlined in the Act of May 2, 1889, P. L. 66, Sec. 7, as amended by the Act of May 11, 1911, P. L. 281, Sec. 3 et seq., 27 PS Sec. 42 et seq., and the Fiscal Code, the Act of April 9, 1929, P. L. 343, Secs. 205, 614, 1301 and 1302, 72 PS Secs. 205, 614, 1301 and 1302. See *In re Escheat of Moneys in Custody of U. S. Treasury,* 326 Pa. 260, 192 A. 256.

The escheator's contention that the funds in the hands of the sheriff are subject to escheat is based upon the provisions of several statutes. The statutes are: The Act of April 17, 1869, P. L. 71, Sec. 2, (providing for the escheat of property in the hands of a trustee where the cestuis que trust are unknown for a period of seven years) ; the Act of April 17, 1869, P. L. 71, Sec. 3, 27

PS Sec. 332, (providing for the escheat of funds in the hands of a trustee, bailee or other depositary without rightful owner) ; the Act of May 2, 1889, P. L. 66, Sec. 3, as amended by the Act of May 11, 1911, P. L. 281, Sec. 1, 27 PS Sec. 333, (providing for the escheat of property in the hands of a trustee without a lawful owner) ; and the Act of May 2, 1889, P. L. 66, Sec. 2, 27 PS Sec. 334, (providing for the escheat of funds in the custody of a court where the rightful owner has been unknown for a period of seven years).

Passing the question whether the relation of former Sheriff Lamberton to the persons who deposited the funds with him is such as to bring the situation here presented within the terms of these acts, it is clear that they have no application. Each and every one of them refer to property the rightful owners of which are unknown. The petition in the instant case alleges merely that the funds were unclaimed for seven years. There is no allegation in the petition that the owners of the funds are unknown. In fact the implication is otherwise.

It is true there are certain statutes in effect dealing with unclaimed property. In the strict sense these statutes are not escheat acts. The late Chief Justice MOSCHZISKER characterized them as follows: "In other words, it does not provide for seizing property presumed to be without an owner, but rather for the taking into possession by the sovereign Commonwealth, for the protection of both State and owner, of a certain class of property which is subject to escheat:" *Com. v. Dollar Savings Bank*, 259 Pa. 138, 144, 102 A. 569. See also *Germantown Trust Co. v. Powell*, 265 Pa. 71, 108 A. 441.

The Act upon which appellant relies is the Act of June 7, 1915, P. L. 878, Sec. 7, as amended by the Act of July 6, 1917, P. L. 725, Sec. 4, and the Act of April 21, 1921, P. L. 223, Sec. 5, 27 PS Sec. 282, which provides: "After any moneys or property held by any person, . . . belonging to any other person, the escheat of

which is not otherwise provided for in this section, has been and remained unclaimed, by the person for whom the same is held, for a period of seven or more successive years, such moneys or property shall be escheatable to the Commonwealth, and shall be escheated *in the manner hereafter provided,* with interest actually accrued thereon to the date of the decree for the escheat of the same." (Italics supplied.)

It will be noted that this act carries its own enforcement provisions. It provides: "Such escheat shall, at the suggestion of the Auditor General [now the Department of Revenue by the Fiscal Code, Sec. 1308, 72 PS Sec. 1308], be determined and enforced by an action in the nature of a bill in equity, filed by and in the name of the Attorney General, against the depositary, fiduciary, or debtor, and all of his or its depositors, beneficiaries, or creditors for whom he or it holds unclaimed moneys escheatable under the provisions of this act, in the appropriate court for the county where the debtor, if an individual, resides, or, if a corporation, where it maintains its principal office."

A subsequent section of this act, Sec. 8, 27 PS Sec. 301, makes provision for the restitution of the funds to the owners at any time within ten years upon the production of satisfactory proof.

Hence, even if it be contended that the funds held in the possession of the sheriff are subject to the terms of this act, it is clear that they are not subject to escheat in the manner here pursued. The statute carries its own procedure which must be followed. If these funds are to be taken over by the Commonwealth, in accordance with the terms of this act, a bill in equity should be filed in the name of the Attorney General and the question there be determined. No provision is made in this act for the services of an escheator. Such functionary has no standing to claim an escheat under it.

The sections of the Acts of 1889 and the Fiscal Code of 1929, supra, making provision for the appointment

of escheators and outlining their duties and functions are applicable only in situations where the property sought to be escheated is without rightful owners. Where the property in question has merely remained unclaimed for a period of years, the legislature has provided a procedure for taking it into the custody of the Commonwealth, with provision for its eventual escheat. In such a situation, an escheator has no authority and is without standing.

Petition dismissed at appellant's cost.