THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY, d. b., *vs.* GEORGE SHARPE, p. b.

*Appeal—Assumpsit—Wages—Exemption from Execution and Attachment—Construction of Statute—Constitution—Garnishment—Evidence.*

The act entitled " An Act to Exempt Wages from Attachment Process '' (*Chap. 542 Vol. 16, Laws of Delaware, Rev. Code, 841*), held to be constitutional and valid.

(*December 13, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Philip L. Garrett* for plaintiff below.

*Herbert H. Ward* and *Andrew C. Gray* for defendant below.

Superior Court, New Castle County, November Term, 1899.

APPEAL. ACTION OF ASSUMPSIT. The narr consisted of two counts. The first count was for work and labor and the second count for wages. The amount claimed was $50.79. The pleas were, payment, set-off, statute of limitations and a special plea.

George Sharpe, the plaintiff, testified that in June, 1899, he worked in the P., W. & B. R. R. shops, in the City of Wilmington, as boiler maker and received as wages twenty-two cents per hour; that he earned in said employment during the month of June, 1899, the sum of $50.79, after certain deductions had been made for insurance. That not being paid the money he made demand therefor upon the company and was informed that his wages were attached.

The plaintiff then rested, and Mr. Gray, of counsel for defendant, moved for a nonsuit on the ground that the plaintiff had not connected the defendant company with any testimony brought out on the stand, the contention being that there was no proof that the P., W. & B. shops were the shops of the Philadelphia, Wilmington and Baltimore Railroad Company, the defendant.

Nonsuit refused.

After regularly proving the same by William W. Pritchett, Justice of the Peace, Mr. Gray offered in evidence judgment of Charles S. Hurlock and brother vs. George Sharpe for $49.90. This was objected to by Mr. Garrett, as immaterial. Objection overruled, the Court remarking that counsel for the plaintiff below, respondent, had admitted the same by his pleadings. A similar judgment recovered against George Sharpe by Charles Schurm, was offered in evidence and admitted without objection. The Justice then testified that on each of the above mentioned judgments he issued a Fi. Fa. directed to Philadelphia, Wilmington and Baltimore Railroad Company, and gave judgment upon the same against the said company. The records of the same were admitted in evidence without objection. It was admitted that the cause of action was for goods sold and delivered.

The defendant rested and Mr. Garrett, for plaintiff, asked the Court to instruct the jury to find a verdict in favor of the plaintiff

P., W. & B. R. R. CO. vs. SHARPE.        409

ARGUMENTS.

below, because there was no defense offered by the defendant below; that the judgments put on record are not a complete defense, because under the law wages are not allowed to be attached except for board and lodging, and then not exceeding $50.

*Rev. Code, 841.*

LORE. C. J.:—Mr. Gray, what have you to say when your record discloses that it was not for board and lodging?

*Mr. Gray:*—That simply raises the question in all these cases, as to whether or not the statute exempting wages from attachment is or is not constitutional. If that law is constitutional, we say now, that the respondent, if he has made out his case, should recover, and that our special plea is no defense, but if the law is not constitutional, then it is a complete and valid defense to this action.

We contend that the wages exemption law for New Castle County is unconstitutional. *First,* it is in conflict with *Section 1 of the 14th Amendment of the Constitution of the United States; Second,* it is in conflict with *Article 1, Section 9, Constitution of the State of Delaware.*

*First.* The act is class legislation and applies to only one locality. Exemption laws which come under the head of *special class legislation* or *class legislation,* are unconstitutional.

*12 A. & E. Ency. of Law, (2d Ed.), 73; 6 Houst., 541; 113 U. S., 27, at 32; 26 Fed. Rep., 611; 6 Sawyer, 348; 14 Lee, 520.*

Applying to but a certain portion of the State, it is unconstitutional.

*36 S. W., 697;* See also generally, *10 A. & E. Ency. of Law, (2d Ed.), 302.*

*Second.* If the Legislature may prescribe one rule and one remedy for one class, and prohibit another class of suitors from the

enjoyment of the same rule, or from the exemption of the same rule, it is an unjust and unconstitutional discrimination between the citizens.

*28 Wis., 464 (471).*

Again, within the meaning of *Sec. 1, Article 9 of the State Constitution*, this law cannot be held to be the law of the land.

An act of a State Legislature need not necessarily contravene an express provision of the Constitution.

*77 Wis., 288 (303); 11 Mass., 405; Rice vs. Foster, 4 Barr., 479 (485); 2 Houst., 612 (629); 28 Wis. 464, (469).*

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by George Sharpe, plaintiff below, against the Philadelphia, Wilmington and Baltimore Railroad Company, defendant below, for what he claims to be a balance of $50.79 wages, after deducting $1.75 for insurance for the month of June, 1899.

If you believe from the evidence that he did work for this company and earned that much wages, he would be entitled to recover, unless there was some valid defense. The defense set up in this case is that there was a judgment recovered below against the Philadelphia, Wilmington and Baltimore Railroad Company, by parties who attached the money in the company's hands as his money and that the judgment recovered against the company there is a full defense, the defendant claims, to this suit here. The law of this State bearing upon this matter, is as follows:

"That on and after the passage of this act, the amount of the wages for labor or service of any person residing within New Castle County, shall be exempt from mesne attachment process and execution attachment process, under the laws of this State. [Except where the said execution attachment process is for board or lodging or both, as the case may be, and for an amount not exceeding fifty dollars, exclusive of costs.]"

*Sec. 1, Chap. 542, Vol. 16 Laws of Delaware, Rev. Code, 841.*

P., W. & B. R. R. CO. vs. SHARPE.          411

VERDICT.

The record of this case that you have before you, shows that this was not for board and lodging, but that the judgments were recovered for goods sold and delivered. So that the judgment against the railroad company in favor of these persons for goods sold and delivered was against the law which provides that wages should not be attached in this county except for board and lodging, and we therefore say to you that such judgment is no defense to this action, and if you believe from the evidence that he did this work and that the wages are due him, then your verdict should be for the amount of whatever is due from the evidence in this case.

Verdict for plaintiff, for $50.79.