## Commonwealth v. Provident Life and Trust Co. of Phila.

*Escheat—Payment of money into State Treasury without escheat—Act of May 16, 1919.*

The Act of May 16, 1919, P. L. 177, providing for the payment into the State Treasury without escheat of certain moneys and property subject to escheat, etc., is not in conflict with the State or Federal Constitution, and will be enforced on petition of the Attorney-General averring that the statutory prerequisites have been duly complied with.

The practice under the act considered.

Petition of the Attorney-General for payment of unclaimed moneys into the State treasury without escheat. C. P. No. 5, Phila. Co., Sept. T., 1920, No. 4578.

*Frank M. Eastman* (with him *Mark L. Greeley*), for plaintiff.

*J. B. Townsend, Jr.* (of *Townsend, Elliott & Munson*), for defendant.

MARTIN, P. J., May 5, 1922.—A petition was filed by the Attorney-General of the Commonwealth of Pennsylvania, pursuant to the Act approved May 16, 1919, P. L. 177, to procure payment into the State Treasury, to the credit of the Commonwealth without escheat, of certain unclaimed moneys held as a depository by the Provident Life and Trust Company of Philadelphia, which moneys are escheatable under the provisions of the Act approved June 7, 1915, P. L. 878, and the supplements thereto, in that they consist of deposits which have neither been increased nor decreased within fourteen years prior to Jan. 1, 1920; and no interest credited to the depositors; and of certain other moneys held and possessed in a fiduciary capacity under a dry trust or under an active trust that has terminated, the beneficial owners and their whereabouts having been unknown for seven years; and of dividends declared but not paid for three or more years; also debts and interest due to creditors not paid for three years; also property held by the company for the benefit of other persons, which has been demandable for seven years, but not received by such persons.

Lists, certified to be correct by the Auditor General of the deposits and of the debts reported to him, are attached to the petition, and it is averred that he had given notice by mail and advertisement to the owners or persons entitled to claim the moneys as required by section 6 of the Act of 1915, as amended by section 3 of the Act of July 6, 1917, P. L. 725, and that one year has elapsed, affording sufficient time since said notice and advertisement to enable the owners or persons interested to claim their money or property.

It is averred in the petition that the number and nature of the items of the money and property reported to the Auditor General are such that it is desirable, in the opinion of the Auditor General, that proceedings be instituted to procure the payment of the moneys into the State Treasury, to the credit of the Commonwealth without escheat, and to procure the sale of the property and payment of the proceeds into the State Treasury in conformity with the provisions of the Act approved May 16, 1919, P. L. 177, and that the Auditor General accordingly suggested to the Attorney-General that he proceed in the matter.

The petition prays that a day be set for a hearing, and notice be given the Provident Life and Trust Company; that after the hearing the court order all the unclaimed money appearing from the list attached to the petition, together with the accrued interest, to be paid into the State Treasury, to the credit of the Commonwealth, without escheat, and that the unclaimed chattels

and securities appearing in the list be sold in such manner as the court may direct and the proceeds paid into the State Treasury, to the credit of the Commonwealth, except moneys, securities or chattels claimed by or paid to persons lawfully entitled thereto, or not subject to escheat, or to the jurisdiction of the court. A list of deposits, which have neither been increased nor decreased, and interest on which has not been credited in the pass-book of the depositor for fourteen or more consecutive years; and a list of debts and interest on debts due to creditors and not paid for three or more successive years, including interest accumulated, but not paid to the beneficiaries, on funds held as trustee, guardian, committee, executor, administrator, assignee, receiver or other fiduciary, the principal distributive sums of which trust funds have been paid to the respective beneficiaries are attached to the petition, together with the certificate of the Auditor General.

Upon filing the petition with proof of service of a copy upon the Provident Life and Trust Company, the court fixed a date for hearing, notice of which was duly served.

The Provident Life and Trust Company of Philadelphia filed an answer, alleging that its corporate title was "The Provident Life and Trust Company of Philadelphia," but neither admitting nor denying that the moneys specified in the petition are escheatable under the provisions of the Act of Assembly approved June 7, 1915, P. L. 878, and the supplements thereto, and praying that proof of the allegations of the petition be made, if necessary, to the proper determination of the cause. The answer neither admits nor denies that respondent held or possessed in a fiduciary capacity any moneys which are escheatable under the provisions of the Act approved June 7, 1915, P. L. 878, and the supplements thereto. It is denied that respondent has in its possession any dividends or profits declared to its stockholders or members and not paid for three years or more next preceding Jan. 1, 1920; or that there are any debts due by respondent or interest on debts to creditors not paid for a period of three years next preceding Jan. 1, 1920; or that it holds any property for the benefit of persons which has been demandable by such persons for seven or more years next preceding Jan. 1, 1920, which has not been received by such persons, except as set forth in the reports made by respondent to the Auditor General, as required by law. Respondent admits that the moneys and property specified in the schedules to the petition annexed have been reported to the Auditor General under its proper corporate title of The Provident Life and Trust Company of Philadelphia, but neither admits nor denies that the Auditor General has given notice to the owners or persons entitled to claim the money, or that a sufficient time has elapsed since said notice and advertisement to enable the owners or persons to claim their respective moneys or property, and prays that proof of such notice be made by petitioner at the hearing of the cause. It was admitted by respondent that the exhibits annexed to the petition are true and correct reports made in pursuance of the act of assembly to the Auditor General, but respondent denies that any unclaimed chattels or securities were included in the exhibits. Respondent reserved the right to pay over to properly entitled claimants such money, securities and chattels as might appear at the hearing to have been claimed by and paid or delivered to the persons lawfully entitled thereto between the filing of the petition and the date of the hearing, and such moneys, chattels and securities as might be claimed at the hearing by the persons entitled thereto, or not subject to escheat, or to the jurisdiction of the court, and submitted itself to such order as the court might make in the premises.

1 D. & C.

The regulation of title and devolution of property within its limits, and the rules of evidence for the ascertainment of facts in its courts and the establishment of legal presumptions, are within the control and jurisdiction of the State: Cunnius v. School District, 206 Pa. 469.

The 1st section of the Act of May 16, 1919, P. L. 177, directs that, when money is held by a bank or association which is escheatable, the Auditor General shall suggest that the Attorney-General proceed to obtain the money after notice and advertisement as required by the act under which such items are escheatable, which is the Act of June 7, 1915, P. L. 878, the 6th section of which, as amended by the 4th section of the Act of April 21, 1921, P. L. 223, enacts that when a deposit has been reported to the Auditor General he shall notify the person entitled thereto of such fact by letter addressed to him at his address furnished by the corporation reporting the money, if any such address is furnished in such report, and shall publish once a week for two successive weeks during the month of July in each year, in one or more general newspapers having the largest circulation published in the city or county in which the institution is located, a statement containing the name, the address, the amount of money, in whose benefit the money is held, so far as such data has been supplied to the Auditor General by the report.

In conformity with the requirements of the act, it appeared, by the uncontradicted statements in the petition, advertisement was duly made and a formal letter mailed by the Auditor General to each depositor where addresses were furnished, setting forth the proceedings, and calling upon the depositor to claim the deposit from the depository, which was the notice required to validate the proceeding: Institution for Savings v. Malone, 221 U. S. 660.

In Cunnius v. School District, 206 Pa. 469, 475, it was said: "The primary object is the due and orderly conservation of property for the benefit of the unknown or uncertain owner. . . . If the statute . . . had vested a public administrator or other official with authority to collect and preserve the assets for the absentee exclusively, there could be no reasonable objection by the absentee, for the whole proceeding would be in his interest. . . . If a fair and reasonable provision is made for protection of the owner in case of his reappearance, the State has not exceeded its constitutional powers. . . . Temporary use is a matter clearly within the State's power of regulation. . . . The State has power to make rules of property, and all owners are bound to conform and abide by them."

In Com. v. Dollar Savings Bank, 259 Pa. 138, where the issue involved was the construction of the Act of April 17, 1872, P. L. 62, directing that where there has been no demand for any part of a deposit in a saving fund for thirty years, the deposit shall be paid to the State, but authorizing the depositor to recover from the State, it was held not to violate the constitutional protection by depriving the depositor of property without due process of law. It was also held that a court will never heed objections to the constitutionality of an act of assembly unless the complainants are affected by the particular feature alleged to be in conflict with the Constitution. It was stated in the opinion (page 145) : "When such property is taken in charge by the State, and the owner or his legal representatives are given an unlimited right to reclaim, with a pledge of all other unappropriated moneys in the public treasury, so far as may be necessary, to repay the amount thereof when duly proved, this is simply an exercise of authority over property actually within the jurisdiction of the State, and liable to escheat, for the due protection of all parties in interest, including the owner; and is in no sense a taking or seizing for public use within the meaning of the constitutional provisions."

Commonwealth *v.* Provident Life and Trust Co. of Philadelphia.

In Germantown Trust Co. *v.* Powell, 265 Pa. 71, it was decided that the Act of June 7, 1915, P. L. 878, providing for escheat of money on deposit, was not unconstitutional as impairing the obligation of a contract between the owner and the depository, as the statute of escheat, in effect, provides for the termination of the contract of deposit at the instance of the Commonwealth and by virtue of its sovereign power.

It was said (page 77) : "There seems to be no room for doubt that the Commonwealth, by virtue of its sovereign power, may take charge of property abandoned or unclaimed for a period of time, or which has no known owner."

And now, to wit, May 5, 1922, the cause having come on for hearing, and no one appearing to claim to be lawfully entitled thereto, and the proceeding being in conformity with the acts of assembly relating to the subject, the prayer of the petition is granted, and it is ordered and decreed that the moneys shown by the list to be on deposit in the custody of the Provident Life and Trust Company of Philadelphia, which have neither been increased or decreased, and interest on which has not been credited in the pass-book of the depositor, at his request, for fourteen or more consecutive years next preceding Jan. 1, 1917, 1918, 1919 and 1920, a schedule of which is attached to the petition filed and marked Schedule A, together with the moneys shown by Schedule C to be due to creditors and not paid for three or more successive years next preceding Jan. 1, 1917, 1918, 1919 and 1920, including all interest accumulated but not paid to the beneficiaries on funds held as trustee, guardian, committee, executor, administrator, assignee, receiver or other fiduciary, not paid to the respective beneficiaries, together with interest actually accrued and payable at the date of filing the petition, be paid to the State Treasury by the Provident Life and Trust Company of Philadelphia, to the credit of the Commonwealth, without escheat.