James P. MILLS, Jr., Plaintiff Below,
Appellant,

v.

TRANS CARIBBEAN AIRWAYS, INC.,
Garnishee Below, Appellee.

Supreme Court of Delaware.

Dec. 17, 1970.

Reargument Denied Jan. 12, 1971.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff below, appellant.

Bruce M. Stargatt and Edward B. Maxwell, 2nd., of Young, Conaway, Stargatt & Taylor, Wilmington, for garnishee below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from the decision of the Superior Court declaring unconstitutional the Delaware Foreign Attachment Statute insofar as it permits the pre-judgment garnishment of wages in the hands of an employer, due and owing to a non-resident employee, without prior notice and hearing. See Opinion below at 265 A.2d 39.

The constitutional question is raised by the garnishee-employer, the employee having chosen not to enter an appearance in the cause.

The appellant-creditor raises the question of the employer's standing to challenge the constitutionality of the Statute. It is argued that the due process rights declared to be violated are rights of the employee, not of the employer; that only the employee has the standing to object to the deprivation of those rights. This question was not presented to the Superior Court and, apparently, was not ruled upon below.

· It is our opinion that the issue of standing must be resolved.

■ The general rule is that one person may not assert the constitutional rights of another. It is settled in this State that a party has no standing to challenge the constitutionality of a statute, or of any action thereunder, unless it is shown that a right of the complainant is affected thereby. State v. 16.50 Acres, etc., Del.Super., 200 A.2d 241 (1964); State ex rel. Craven v.

Shaw, Del.Supr., 131 A.2d 158 (1957); Garden Court Apartments v. Hartnett, Del. Super., 65 A.2d 231 (1949). These rules reflect a policy of judicial restraint, well established in this State, as well as a rule of practical necessity in the administration of justice. See Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691 at 703, 7 L.Ed.2d 663 (1962). The controlling principle was well stated in Conard v. State, Del.Super., 2 Terry 107, 16 A.2d 121, 126 (1940):

"Now few principles could be clearer or the authorities more uniform than those which state that a court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has therefore no interest in defeating it."

Compare Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

The question, then, is whether the garnishee-employer here has been injured by the alleged unconstitutional aspects of the attachment procedures or deprived of any constitutional right as the result of their application.

■ The employer contends that it has a direct and substantial interest in attacking the validity of the attachment in order to protect its own rights. It points to Philadelphia, W. & B. R. Co. v. Sharpe, 2 Penne. 407, 47 A. 700 (1899) and argues that it may be subjected to double liability if it surrenders the funds pursuant to the garnishment. We see no merit in this contention because it seems clear that the funds could be surrendered into the custody of the Court, subject to the further order of the Court, without further liability on the part of the employer as stake-holder.

The employer cites Provident Institution for Savings in Town of Boston v. Malone, 221 U.S. 660, 31 S.Ct. 661, 55 L.Ed. 899 (1911) and Sackin v. Kersting, 10 Ariz. App. 340, 458 P.2d 544 (1969). Neither case is apposite on its facts.

■ There may be some factual reason not apparent on the present record, how-

ever, why the employer's interests or rights may be so affected by the application of the contested provisions of the Attachment Statute as to give it standing in this case. Certain possible reasons were suggested at oral argument. The issue was not litigated below, however. We think the parties should be required to litigate this issue fully before we are required to grapple with the important and difficult constitutional questions presented. See Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Downs v. Jacobs, Del.Supr., 272 A.2d 706 (12/4/70).

■ We are mindful that the issue of standing was not raised below. Nevertheless, our traditional policy of judicial restraint in constitutional cases impels the conclusion that standing to present a constitutional question is so fundamental as to permit examination thereof at any time, including inquiry by the Court *sua sponte.*

Accordingly, the cause is remanded for trial and determination of the issue of standing.

Jurisdiction is reserved.

## UPON PETITION FOR REARGUMENT

The garnishee-employer has filed a petition for reargument and/or clarification addressed to our reference to Philadelphia, W. & B. R. Co. v. Sharpe, 2 Penne. 407, 47 A. 700 (1899), and the argument based thereon. In this connection, our attention is also invited to Schwander v. Feeney's, Del.Super., 29 A.2d 369 (1942).

Our conclusion that the garnishee-employer could deposit the funds in controversy into the custody of the Court, without further liability, is based upon 10 Del.C. § 3910 [1] and Superior Court Civil Rule 67.[2] It is our opinion, also, that the garnishee-employer would be entitled to the protection of 10 Del.C. § 3518.[3]

Insofar as *Sharpe* and *Schwander* may be inconsistent with the foregoing, they are hereby overruled.

The petition for reargument is denied.

1. 10 Del.C. § 3910 provides in pertinent part:

"§ 3910. Disclaimer of interest by defendant; interpleader

"The defendant in any action brought in the Superior Court for the recovery of money, or of any goods, chattels, or the value thereof in damages, which shall have come lawfully to his hands or possession, may, at any time after the complaint is filed, and before the answer is filed, by a suggestion to be filed of record, disclaim all interest in the subject matter of such action, and offer to bring the same into court, or to pay or dispose thereof as the court orders. * *."

2. Rule 67 provides in pertinent part:

*Rule 67. Deposit in Court*

"In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money, a party upon notice to every other party, may deposit with the court all or any part of such sum. * * *."

3. 10 Del.C. § 3518 provides:

"3518. Effect of judgment against garnishee

"Any judgment against a garnishee shall be pleadable in bar to any action at the suit of the defendant."