# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| GORDON SMITH, | : | |
| | : | C.A. No: 12C-01-016 (RBY) |
| _____Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE STATE POLICE, | : | |
| CORPORAL JUSTIN GALLOWAY, | : | |
| CORPORAL STEPHEN FAUSEY, and | : | |
| CORPORAL WILLIAM MILLER, | : | |
| | : | |
| Defendants. | : | |

_Submitted: May 15, 2014_
_Decided: July 8, 2014_

***Upon Consideration of Defendants'***
***Motion for Summary Judgment***
**GRANTED**

**ORDER**

Gordon Smith, *Pro Se.*

Michael F. McTaggart, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Defendants.

Young, J.

## SUMMARY

Defendants Corporal Justin Galloway ("Defendant Galloway"), Corporal Stephen Fausey ("Defendant Fausey"), Trooper William Miller ("Defendant Miller"), and the Delaware State Police (collectively "Defendants") move the Court for summary judgment pursuant to Superior Court Civil Rule 56. Gordon Smith's ("Plaintiff") Complaint pursues nineteen claims against Defendants, which arise from: 1) Plaintiff's arrest by Defendants on January 14, 2010 on a charge of Criminal Contempt of an Order of Protection from Abuse ("PFA") ("the January 14, 2010 Incident"); 2) an alleged comment made by Plaintiff's ex-wife that accused Plaintiff of being a suspect in her alleged rape on June 30, 2010; 3) a warrant against Plaintiff for the harassment of his ex-wife on July 16, 2010; 4) and a Breach of Release complaint filed against Plaintiff by his ex-wife on August 9, 2010.

Defendants are entitled to summary judgment on all nineteen claims for the following reasons. Plaintiff was arrested pursuant to a warrant for each of the incidents alleged in the instant matter. With regard to Plaintiff's claims for false arrest and false imprisonment, under Delaware law, an action on these grounds cannot be permitted for the January 14, 2010 Incident, where police had a valid warrant for both charges of Breach of Release and Criminal Contempt against Plaintiff. The valid arrest warrants against Plaintiff also defeat Plaintiff's claim of malicious prosecution.

Plaintiff's claims for negligent infliction of emotional harm, intentional infliction of emotional harm, negligence, nonfeasance, misfeasance, malfeasance,

and the failure to train properly and/or to supervise are all tort actions barred by the State Tort Claims Act pursuant to 10 *Del. Code* § 4001, which requires at least gross negligence, to proceed with a tort action against the State. Plaintiff does not establish any of the elements for his claims of assault. Therefore, Defendants are entitled to summary judgment on the claims for assault and battery.

With regard to Plaintiff's claim for defamation, Plaintiff fails to produce any statements published to support his claim. Plaintiff's claim for tortuous interference with child custody and/or child parenting time is not viable, because there is no such civil cause of action that can be brought to this Court under Delaware law. Plaintiff's claim for civil contempt also fails, because Delaware case law does not recognize civil contempt as a cause of action.

Plaintiff's constitutional civil rights claims are barred against the Delaware State Police under 42 U.S.C. § 1983. In addition, Plaintiff has no standing to challenge the constitutionality of Delaware's stalking statute, 11 *Del. Code* § 1312, when the underlying warrants for Plaintiff's arrest were not for charges of stalking. Defendants are entitled to summary judgment on Plaintiff's claims for punitive damages, court costs, attorneys fees, and related costs, because they relate to Plaintiff's negligent and intentional tort claims noted above. Defendants are also entitled to summary judgment on Plaintiff's claim for loss of earnings and loss of earning capacity, because that is relevant only to a showing of damages for establishing the negligent and intentional tort claims, again as noted. Defendants' Motion for Summary Judgment is **GRANTED**.

## FACTS AND PROCEDURAL POSTURE

On January 14, 2010, Plaintiff was arrested by Defendant Galloway of the Delaware State Police on a charge of Criminal Contempt of a PFA. Plaintiff went to the local Justice of the Peace Court on that date to settle a traffic matter when the Criminal Contempt warrant appeared in the system. Defendant Galloway arrived at the Justice of the Peace Court to take custody of Plaintiff, transporting him to Delaware State Police Troop #3, where Plaintiff was arraigned before a Magistrate. After a review of the warrant, the Magistrate, finding that the warrant was valid, video-arraigned Plaintiff on the charge of Criminal Contempt. The warrant had been obtained by Corporal Owen of the Delaware State Police, and was also in the DELJIS system.

Plaintiff was committed in default of bond. Defendant Galloway then transported Plaintiff to the James T. Vaughn Correctional Center ("JTVCC"). Defendant Galloway left for JTVCC at 3:58 p.m., after Plaintiff was held in default of bail. Plaintiff claimed that Defendant Galloway told the receiving officer that Plaintiff was a "troublemaker," a charge which Defendant Galloway denied in his deposition.[1] Plaintiff also alleged that he had bail money on the way to the Troop, arguing that Defendant Galloway should have waited before transporting him to JTVCC.[2] Defendant Galloway testified that he had a court order, which required

---

[1] (Defendant Galloway's Deposition, Exhibit 2, p. 23).

[2] (Plaintiff's Deposition, Exhibit 1, p. 1).

4

him to transport Plaintiff to JTVCC.[3] Defendant Galloway also testified that no one told him Plaintiff had posted bail or was going to post bail.[4] According to Defendant Galloway's deposition, his involvement was limited to arraigning Plaintiff on the charge investigated by another officer.[5]

On June 30, 2010, Plaintiff's ex-wife, Tiffany Smith, reported an alleged rape to the Delaware State Police. Defendant Fausey of the Delaware State Police interviewed Plaintiff as a possible suspect in the alleged rape. During this time, Defendant Fausey advised Plaintiff that Tiffany Smith did not wish to be contacted by Plaintiff.[6] Defendant Fausey investigated the alleged rape, later determining that the suspect was unknown. According to his deposition, Defendant Fausey did not mention to anyone that Plaintiff was a suspect.[7] Tiffany Smith expressed to Defendant Fausey that Plaintiff constantly contacted her through phone calls and texts. She stated that she "wanted it to stop."[8] Defendant Fausey informed Plaintiff about Tiffany Smith's comment, stating that she did not want Plaintiff to be arrested.[9]

---

[3] (Defendant Galloway's Deposition, Exhibit 2, p. 22-26).

[4] (Defendant Galloway's Deposition, Exhibit 2, p. 20).

[5] (Defendant Galloway's Depostion, Exhibit 2, p. 32).

[6] (Plaintiff's Deposition, Exhibit 1, p. 37-40).

[7] (Defendant Fausey's Deposition, Exhibit 3, p. 3-4, 10).

[8] *Id.* at 40.

[9] *Id.* at 41.

Plaintiff had a custody order involving his children. He needed to appear at the Family Court to address issues regarding enforcement of that order. Defendant Fausey advised Plaintiff that he could contact his children, but not Tiffany Smith. After this conversation between Defendant Fausey and Plaintiff, Plaintiff called Tiffany Smith on July 16, 2010 ("the July 16, 2010 Incident"), telling her that he had a religious experience with god.[10] Based on this exchange, Corporal Minear of the Delaware State Police prepared a warrant for harassment, which was presented to and signed by a judge.[11]

On August 9, 2010, Plaintiff responded to Troop #3 to be processed and arraigned on the harassment warrant from the July 16, 2010 Incident. On August 9, 2010, Defendant Miller of the Delaware State Police also responded to Troop #3 to interview Tiffany Smith, who wanted to file a Breach of Release complaint against Plaintiff. Tiffany Smith reported to Defendant Miller that Plaintiff parked across the street from her house and watched their two children play in the yard. Based on this report, Defendant Miller obtained an arrest warrant for Plaintiff's arrest for the charge of Breach of Release in violation of 11 *Del. Code* § 2113 (c)(2) ("the Breach of Release Incident").

On August 2, 2010, an outstanding Family Court PFA was issued and served on the Plaintiff, which prohibited contact with Tiffany Smith, specifying a minimum distance of 100 yards. Tiffany Smith stated that the Breach of Release

---

[10] (Minear's Deposition, Exhibit 4, p. 35).

[11] (Minear's Deposition, Exhibit 4, p. 5, 8, and 11).

Incident was reported as taking place at 1:00 p.m. Later, after talking to her father, Tiffany Smith stated that the incident took place at 12:45 p.m. instead.[12] Plaintiff was arraigned on the charge of Breach of Release. No bond was issued.[13]

Defendant Fausey investigated Plaintiff's claim that Tiffany Smith allegedly filed a false complaint against Plaintiff with regard to the Breach of Release Incident on August 9, 2010. A videotape from a Taco Bell in Camden, Delaware showed that Plaintiff was on the property at approximately 12:31 or 12:39 p.m. until 1:03 p.m.[14] Several other witnesses saw Plaintiff near Tiffany Smith's property on August 9, 2010.[15] Defendant Fausey determined that it was possible that Plaintiff went to Tiffany Smith's house before he went to the Taco Bell, and that the witnesses were "just off on the times."[16]

On January 23, 2012, Plaintiff filed a *Pro Se* Complaint. On May 15, 2012, Plaintiff filed an Amended Complaint, with nineteen claims against several defendants ("the Complaint"). In prior rulings, the Court dismissed all named defendants with the exception of the four moving defendants. As a result, on October 12, 2012, a claim for abuse of power against police officer Ricardo Lucas, was dismissed. On October 21, 2013, a claim for abuse of process against an

---

[12] (Defendant Miller's Deposition, Exhibit 5, p. 5-6).

[13] *Id.* at 15.

[14] (Defendant Fausey's Deposition, Exhibit 3, p. 18).

[15] *Id.* at 21-22.

[16] *Id.* at 19, 22.

unknown Family Court employee, was dismissed. On April 28, 2014, Defendants filed a Motion for Summary Judgment. On May 14, 2014, Plaintiff filed a Response to Defendants' Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is granted upon a showing that there is no genuine issue of material fact, where the moving party is entitled to judgment as a matter of law.[17] The Court views the evidence in the light most favorable to the non-moving party.[18] The moving party bears the burden of showing that no material issue of fact is present, but once a motion is supported by such a showing, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to material issues of fact.

## DISCUSSION

**I. False Arrest (Against the Delaware State Police, Defendant Fausey, and Defendant Miller); and II. False Imprisonment (Against Defendant Galloway, Defendant Fausey, and Defendant Miller)**

In the Complaint, Plaintiff pursues nineteen claims against Defendants. The first two claims are for false arrest against the Delaware State Police, Defendant Fausey, and Defendant Miller; and for false imprisonment against Defendant Galloway, Defendant Fausey, and Defendant Miller. Under Delaware law, false imprisonment or false arrest is defined as the deprivation of the liberty of another

---

[17] Super. Ct. Civ. R. 65 ©.

[18] *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).

without his consent, and without his legal justification. Legal justification is held to be the equivalent of legal authority, and judged by the principles applicable to the law of arrest.[19] Delaware law also dictates that, when an arrest is made pursuant to an arrest warrant, an action for false arrest or false imprisonment cannot be permitted.[20]

Plaintiff was arrested pursuant to a warrant for each of the incidents alleged in the instant matter. On January 14, 2010, Corporal Galloway presented Plaintiff before the Justice of the Peace Court on a warrant obtained by another officer.[21] In response, Plaintiff argues that he was not properly served with the underlying PFA, and should not have been charged with Criminal Contempt. However, the Magistrate confirmed that the warrant was valid.[22] According to Delaware law, an action for false arrest or false imprisonment cannot be permitted for the January 14, 2010 Incident.[23]

Similarly, Plaintiff challenges the sufficiency of the evidence for the warrant underlying the charge for Breach of Release. In obtaining this warrant, Trooper Miller relied upon Tiffany Smith's statement, which he deemed to be a credible

---

[19] *Tyburski v. Groome*, 1980 WL 333070, at *6 (Del. Super. Jan. 28, 1980).

[20] *Tilghman v. Delaware State University*, 2012 WL 3860825, at *5 (Del. Super. 2012) (citing *Boulden v. Turner*, 2007 WL 3378662, at *4 (Del. Super. 2007)).

[21] Exhibit 6.

[22] (Defendant Galloway's Deposition, Exhibit 2, p. 7).

[23] *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (false arrest claim was defeated by finding of probable cause for any offense that could be charged under the circumstances).

report from a credible eyewitness.[24] That basis is sufficient to establish probable cause.[25] Both warrants stated probable cause for the Breach of Release charge, and for the Criminal Contempt charge under 11 *Del. Code* § 1271. Furthermore, once a police officer has established probable cause for an arrest, that police officer does not have a duty to continue to investigate.[26] There was no evidence that Defendant Fausey arrested or imprisoned Plaintiff for any crime. Therefore, there can be no claim for false arrest or false imprisonment against him.

### III. Malicious Prosecution (Against Defendant Fausey and Defendant Miller)

For a successful claim of malicious prosecution, Plaintiff must prove the following six elements: (1) there must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution; (2) such former proceedings must have been by, or at the instance of the defendant in this action for malicious prosecution; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or

---

[24] Exhibit 6.

[25] *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 790 (3d Cir. 2000) (police possessed probable cause based on a credible report from a credible eyewitness).

[26] *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979); *Merkle*, 211 F.3d at 790 n. 8.

damage resulting to the plaintiff from the former proceedings.[27]

Defendant Miller arrested Plaintiff pursuant to a valid arrest warrant. There is no evidence to show that Defendant Fausey ever arrested Plaintiff, or pursued a charge against Plaintiff. This Court has held that the issuance of an arrest warrant by a magistrate sufficiently establishes probable cause, such that a defendant is entitled to summary judgment as a matter of law on a malicious prosecution claim.[28] Therefore, Defendants are entitled to judgment as a matter of law on this claim.

## IV. Negligent Infliction and Intentional Infliction of Emotional Harm (Against Defendant Fausey and the Delaware State Police)

This claim against 2Defendant Fausey is based on the allegations that Defendant Fausey denied Plaintiff contact with his sons for five months, and that Defendant Fausey failed to appear in the Family Court under subpoena, causing Plaintiff to be convicted of civil contempt.

### I. *Negligent Infliction*

Plaintiff's claim of negligent infliction of emotional harm requires proof of an event that proximately caused fright while Plaintiff was in the immediate area of physical danger.[29] The facts in this case do not show any indication of Plaintiff's fright, or that he was in an immediate area of physical danger. Moreover, the

---

[27] *Sekscinski v. Harris*, 2006 WL 509541, at *1-2 (Del. Super. 2006) (citing *Stidham v. Diamond State Brewery*, 21 A.2d 283, 284 (Del. Super. 1941)).

[28] (*Boulden*, *supra*, at *3).

[29] *Robb v. Pennsylvania Railroad Co.*, 210 A.2d 709, 464 (Del. 1965).

Delaware State Police and Defendants, as State officers, are immune from claims of negligence under the State Tort Claims Act pursuant to 10 *Del. Code* § 4001, which requires at least gross negligence, to proceed with a tort action against the State. The claim of negligent infliction of emotional harm is a negligence-based tort. Thus, Plaintiff's claim of negligent infliction of emotional harm fails as a matter of law.

II. *Intentional Infliction*

A *prima facie* claim of intentional infliction of emotional harm requires proof of extreme and outrageous conduct by a defendant, which intentionally or recklessly causes severe emotional distress to the plaintiff. A defendant is subject to liability for both the emotional harm and any resulting bodily harm as a result of his extreme and outrageous conduct.[30] "Extreme conduct" must be "so outrageous ...as to go beyond all possible bounds of decency, and to be regarded as...utterly intolerable in a civilized community."[31] In Delaware, it has been found that when police had probable cause to arrest a plaintiff, their conduct could not be found extreme or outrageous.[32]

With regard to the claim against Defendant Fausey, there is no evidence that Defendant Fausey denied Plaintiff contact with his sons. Plaintiff testified in his

---

[30] *Mattern v. Hudson*, 532 A.2d 85 (Del. Super. 1987).

[31] *Id*. at 86.

[32] *Subh v. Wal-Mart Stores Inc.*, 2009 WL 4015649, at *11 (D. Del. 2009).

deposition[33] that Defendant Fausey told him that Tiffany Smith did not want Plaintiff to continue calling her. There is also no evidence in the record to support Plaintiff's assertion that Defendant Fausey's absence at the Family Court hearing caused Plaintiff to be found in civil contempt. Therefore, Defendants are entitled to summary judgment on this claim.

## VII. <u>Negligence (Against the Delaware State Police and Defendant Galloway)</u>

Plaintiff argues that the Delaware State Police and Defendant Galloway should have: investigated phone records prior to obtaining the warrant for Plaintiff's arrest for harassment; determined that Plaintiff was not served with the PFA in January, 2010; and concluded that Plaintiff could not have been in criminal contempt of the PFA. The Delaware State Police and State officers are immune from suit on claims of negligence under the State Tort Claims Act pursuant to 10 *Del. Code* § 4001, which requires a showing of at least gross negligence to proceed with the tort action against the State.[34] Therefore, Defendants are entitled to summary judgment on this claim.

## VIII. <u>Nonfeasance, Misfeasance, and Malfeasance (Against Defendant Fausey and Defendant Miller)</u>

In this claim, Plaintiff disputes Defendant Miller's decisions: to change the charge of Criminal Contempt of the PFA to Breach of Release; and not to drop the criminal charge, after being presented with evidence of Plaintiff in the Taco Bell on

---

[33] (Plaintiff's Deposition, Exhibit 1, p. 39-40).

[34] *Kendzierski* v. *Delaware Federal Credit Union*, 2009 WL 342895, at *7 (Del. Super. 2009).

the date of the Breach of Release Incident. To support a claim for malfeasance or misfeasance, Plaintiff must prove that Defendants took an affirmative act and owed a general duty to others to exercise reasonable care. All of these claims arise out of simple negligence claims,[35] which are barred by the State Tort Claims act pursuant to 10 *Del. Code* § 4001. Therefore, Defendants are entitled to summary judgment on this claim.

## IX. <u>Failure to Train Properly and/or Supervise (Against the Delaware State Police)</u>

Plaintiff alleges that the Delaware State Police were deficient in supervision and training procedures. If an identifiable state law tort existed for this kind of action in Delaware, the claim would also be barred by the State Tort Claims Act pursuant to 10 *Del. Code* § 4001. Plaintiff also seems to allege a federal constitutional claim against the Delaware State Police for these alleged actions in the Complaint. A claim for violation of civil rights must be brought pursuant to 42 U.S.C. § 1983. The Delaware State Police does not qualify as a "person" under § 1983, and is not subject to a suit under that statute.[36] Therefore, Defendants are entitled to summary judgment on this claim.

## X. <u>Assault and Battery (Against Unknown Defendants)</u>

Plaintiff alleges that he was subject to assault, because he was subjected to false arrest and false imprisonment. However, Plaintiff does not identify any

---

[35] *Doe 30's v. Bradley*, 2011 WL 290829, at *5 (Del. Super. 2011).

[36] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Blizzard v. Commander, Delaware State Police*, 725 F. Supp. 2d. 469, 472 (D. Del. 2010).

defendants against whom this claim is brought, nor does Plaintiff show that any of the defendants acted intentionally. To bring a successful claim for assault in Delaware, Plaintiff must prove that a specific defendant intentionally caused Plaintiff to be in fear of an immediate harmful or offensive contact, without Plaintiff's consent. Under 11 *Del. Code* § 467, a police officer may take a person into custody, and use reasonable force to do so when executing an arrest warrant.[37] Defendant Galloway, Officer Minear, and Defendant Miller arrested Plaintiff pursuant to a valid arrest warrant. Hence, in the absence of Plaintiff establishing any of the elements for assault, Defendants are entitled to summary judgment on this claim.

## XII. Defamation (Against Defendant Fausey)

In the Complaint, Plaintiff alleges that Defendant Fausey published statements that accused Plaintiff of leaving a threatening note at Tiffany Smith's home. Plaintiff believed that Tiffany Smith had written a letter to a Family Court Commissioner in which she stated that Plaintiff was a suspect in the alleged rape of Tiffany Smith on June 30, 2010 . However, the Delaware State Police told Plaintiff that he was never a suspect in the alleged rape.[38] Furthermore, Defendant Fausey testified in his deposition that he never made any statement identifying Plaintiff as a suspect in the alleged rape of Tiffany Smith.[39] At Plaintiff's deposition, defense

---

[37] *In Request of Governor for Advisory Opinion*, 722 A.2d 307, 311 (Del. 1998).

[38] (Plaintiff's Deposition, Exhibit 1, p. 63).

[39] (Defendant Fausey's Deposition, Exhibit 3, p. 3-4).

counsel requested that Plaintiff produce the letter in which he claimed that Tiffany Smith made the alleged statement, but Plaintiff did not produce the letter at any point in discovery.[40]

In Delaware, a successful claim for defamation must identify the substance of the defamatory statements, and whether they were actually published.[41] Where the plaintiff failed to provide the actual statements of defamation, the plaintiff's defamation claim was dismissed.[42] In light of the fact that Plaintiff has failed to provide the actual letter allegedly written by Tiffany Smith, and the content of the letter still does not involve the publication of any statement by Defendant Fausey, Defendant Fausey is entitled to summary judgment on this claim.

## XIII. Tortious Interference with Custody and/or Child Parenting Time (Against Defendant Fausey)

In the Complaint, Plaintiff asserts a cause of action for tortuous interference with custody of his children against Defendant Fausey. While there is a criminal provision, 11 *Del. Code* § 785, that defines the crime of interference with custody, there is no recognized civil cause of action available under Delaware law. Furthermore, under 10 *Del. Code* § 922, the Family Court has exclusive jurisdiction to enforce 11 *Del. Code* § 785. A private cause of action in tort cannot be brought to this Court if the Family Court has exclusive jurisdiction. Plaintiff has

---

[40] (Plaintiff's Deposition, Exhibit 1, p. 61-63).

[41] *Doe v. Cahill*, 844 A.2d 451, 463-64 (Del. 2005).

[42] *Abbott v. Gordon*, 2008 WL 821522, at *24 (Del. Super. 2008).

not raised a viable claim. Therefore, Defendant Fausey is entitled to summary judgment on this claim.

## XIV. Civil Contempt (Against Defendant Fausey)

In the Complaint, Plaintiff pursues another private cause of action for civil contempt on an allegation that Plaintiff issued a subpoena to Defendant Fausey, who did not appear for a Family Court trial. In Delaware, there is no case law that recognizes civil contempt as a private cause of action. Civil contempt is actually part of a court's "inherent contempt authority," and is remedial in nature for the benefit of the complainant.[43] There is no indication that Defendant Fausey was cited for civil contempt by the Family Court. Therefore, Plaintiff cannot maintain a private cause of action for civil contempt. Accordingly, Defendants are entitled to summary judgement on this claim.

## XVI. Civil Rights (Against the Delaware State Police and Defendant Fausey)

Plaintiff alleges several civil rights claims against the Delaware State Police for claims that deal with his arrest and police investigation practices. Pursuant to 42 U.S.C. § 1983, Plaintiff may not bring these civil rights claims against the Delaware State Police as a defendant. Plaintiff also alleges that Defendant Fausey interfered with Plaintiff's fundamental interest in his children. This is Plaintiff's attempt to bring a claim based on a type of constitutional violation against the Delaware State Police. The only evidence available in the record that relates to this

---

[43] *DiSabatino v. Salicete*, 671 A.2d 1344, 1348 (Del. 1996); *Hairston v. Swift Towing & Recovery, Inc.*, 2013 WL 1228027 at *1 (Del. Super. 2013) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994)).

claim is that Defendant Fausey told Plaintiff that his ex-wife, Tiffany Smith, did not want to continue being called by Plaintiff.[44] Plaintiff has failed to demonstrate how this evidence proves that Defendant Fausey acted under color of state law to violate Plaintiff's rights under 42 U.S.C. § 1983.

Any civil rights claims against individuals, in this case, Defendant Fausey, Defendant Galloway, and Defendant Miller, are also barred. The record is clear that Defendant Galloway and Defendant Miller arrested Plaintiff after obtaining valid arrest warrants. This Court has held that an issuance of an arrest warrant by a magistrate entitles police officers to qualified immunity on any civil rights claim.[45]

Finally, Plaintiff raises alleged constitutional issues with 11 *Del. Code* § 1312, the stalking statute in Delaware. While the Complaint alleges that Plaintiff was arrested pursuant to the stalking statute, the underlying arrest warrants were not for the charge of stalking. Under Delaware law, a party has no standing to challenge the constitutionality of a statute unless he has a right affected thereby.[46] Thus, Plaintiff lacks standing to pursue any argument regarding the stalking statute. Defendants are entitled to summary judgment on this claim.

Defendants are entitled to summary judgment on Plaintiff's claims for punitive damages, court costs, attorneys fees, and related costs, because they relate to Plaintiff's negligent and intentional tort claims discussed above. Defendants are

---

[44] (Plaintiff's Deposition, Exhibit 1, p. 39-40).

[45] *Sekscinski*, 2006 WL 509541, at *5.

[46] *Mills v. Trans Caribbean Airways, Inc.*, 272 A.2d 702, 703 (Del. 1971).

also entitled to summary judgment on Plaintiff's claim for loss of earnings and loss of earning capacity, because it is only relevant to a showing of damages for establishing the negligent and intentional tort claims discussed above.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc: Prothonotary
cc: Michael McTaggart, Esq.
Mr. Gordon Smith
Opinion Distribution