**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: April 26, 2019
Date Decided:  May 8, 2019

Dean A. Campbell, Esquire
The Law Office of Dean A. Campbell, P.A.
20175 Office Circle
P.O. Box 568
Georgetown, DE 19947

Stephen A. Spence, Esquire
Baird Mandalas Brockstedt, LLC
1413 Savannah Road, Ste. 1
Lewes, DE 19958

RE: *Friends of Sandbar Village v. Sandcap, LLC, et al.*,
     C.A. No. 2018-0133-SG

Dear Counsel:

This matter purports to bring direct and derivative claims, on behalf of condominium property owners and a corporation that is the condominium owners' association, against the developer of a condominium complex near Nassau, in eastern Sussex County.  Upon review, it is apparent that the sole Plaintiff, Friends of Sandbar Village, is not a member of the corporation at issue, nor is it a property owner, nor has it pled organizational standing.  Therefore, the Plaintiff does not have standing to proceed as the sole party plaintiff.[1]  I note that the Plaintiff's members,

_____

[1] Standing is a threshold question that is jurisdictional in nature, and may be raised *sua sponte*. *See, e.g.*, *Mills v. Trans Caribbean Airways, Inc.*, 272 A.2d 702, 704 (Del. 1970); *Thornton v. Bernard Techs., Inc.*, 2009 WL 426179, at *4 (Del. Ch. Feb. 20, 2009).  In order to have standing, a plaintiff must (among other attributes) have suffered an injury-in-fact, which, per the Complaint,

per the Complaint, would have standing.[2]  Accordingly, the Plaintiff may wish to amend the Complaint.  Although cross case-dispositive motions are pending, none raise this standing issue, and I find that Court of Chancery Rule 15(aaa) is not implicated; in the alternative, I find good cause, under Rule 15(aaa), to allow an amendment.  Unless a motion to amend is filed within 10 days, however, I will dismiss this case without prejudice.

If a motion to amend is granted, the parties may refile the case-dispositive motions as they find appropriate.  Given the current state of the litigation, it appears that the litigants are content proceed with the parties as currently before me.[3]  I have no wish to cause undue expense and effort in this case.  To paraphrase Mr. Franklin, however, experience keeps a dear school, but judges will learn in no other.  Hard experience in the conduct of litigation, particularly derivative litigation, has taught me that allowing defective pleadings to go forward in the name of efficiency is a fool's practice, and is usually self-defeating.

---

the Plaintiff (as opposed to its members) has not.  In particular, in derivative actions under Rule 23.1, *stockholders and members* of entities may have standing to sue on the corporate behalf; here, that would be members of the condominium owners' association.

[2] With proper pleading, the Plaintiff, an unincorporated association, may be able to establish organizational standing to prosecute *direct* claims against the developer.  *See Oceanport Indus., Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 902 (Del. 1994) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333 (1977)).

[3] Because, on review of the Complaint, I found the Plaintiff's standing problematic, I asked the parties to address, among other issues, whether this was in fact a derivative action, and, if so, on behalf of what entity.  The parties responded by letters of April 26, 2019, which I have reviewed in addressing the matters in this Letter Order.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor